## RICHMOND v. YATES.

1. PRACTICE. *Supersedeas. Motion to discharge. Not allowed. When.* A motion to discharge a supersedeas suspending an interlocutory decree for the appointment of a Receiver, to take possession of and rent out the land, will not be granted if the proper parties in interest are not properly before the Court, and if the proof of such party has not been taken, and the cause not ready for hearing.

2. SAME. Where the contract is as to the title of the land, the complainant being in possession until the right is determined upon the hearing, she cannot be disturbed in the possession.

FROM ROBERTSON.

Appeal from the Chancery Court. CHAS. G. SMITH, Chancellor.

STARK & JUDD for Richmond.

JNO. E. &. A. E. GARNER for Yates.

NICHOLSON, C. J., delivered the opinion of the Court.

This is a motion to discharge a supersedeas granted by one of the Judges of this Court, suspending an interlocutory decree for the appointment of a Receiver to take possession of and rent out the tract of land involved in the litigation. Complainant is in possession of the land, and claims to be the owner of it by reason of its having been bought and paid for with her money. The defendant claims it by virtue of a purchase at a Sheriff's sale, and deed from the

Richmond *v.* Yates.

Sheriff, the land having been levied on and sold as the property of defendant Richmond, the husband of complainant.

The cause is still pending in the Chancery Court at Springfield, the same not yet being ready for hearing. If complainant sustains the allegation of her bill, she is the real owner of the land. If defendant makes out his case, as presented in his answer and cross-bill, he has the better title. But in his cross-bill he fails to make complainant a party, but makes her husband a defendant.

In this state of the case we are asked to examine the proof taken by defendant, and upon this discharge the supersedeas, and thus virtually give defendant the possession, although it is admitted the complainant has not taken her proof, and that the cause is not ready for hearing.

To discharge the supersedeas under such circumstances would be tantamount to deciding the question of title upon *ex parte* view of the proof. The same reason exists now which induced the granting of the supersedeas. It is a contest as to the title of the land, the complainant being in possession, and until it is determined upon the hearing that her title is invalid, she cannot be disturbed in the possession.

The motion to discharge the supersedeas is, therefore, disallowed.